# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **EDWARD MEYER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **Case Number 4:08cv0533 TCM** |
| **DAIMLERCHRYSLER,** | ) |
| **CORPORATION, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court[1] on the opposed motion of Defendants, DaimlerChrysler Corporation,[2] DaimlerChrysler Corporation–UAW Pension Board of Administration, and DaimlerChrysler Corporation–UAW Pension Plan, to dismiss paragraph 13 of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Doc. 20]  For the reasons set forth below, the motion will be granted.

## Background

Edward Meyer ("Plaintiff") brings this action under the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1461, alleging that he has improperly been denied disability retirement benefits due him under the DaimlerChrysler Corporation-

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties.  See 28 U.S.C. § 636(c).

[2]Defendants note in their supporting memorandum that Chrysler LLC is the successor corporation to DaimlerChrysler Corporation.  Neither party has yet moved for a substitution of parties; consequently, the Court will continue to refer to DaimlerChrysler Corporation.

UAW Pension Plan ("the Plan"). Specifically, Plaintiff alleges that he was employed full-time by DaimlerChrysler as an assembler from 1976 until 2005, when he had to stop working due to various illnesses. (Compl.[3] ¶5.) He then applied for Permanent and Total Disability Retirement benefits ("PTD") under the Plan. (Id. ¶ 6.) His application was submitted to the claims administrator for the Plan, Sedgwick Claims Management Services, Inc. ("Sedgwick"). (Id. ¶ 7.) In turn, Sedgwick sent the application to Qualified Medical Examiners, Inc. ("QME"), "a company who is only hired by the insurance disability industry." (Id. ¶ 8.) A QME physician evaluated the application and opined that Plaintiff was not permanently and totally disabled. (Id.) The Plan Board notified Plaintiff by letter that his application had been denied. (Id. ¶ 9.) Plaintiff appealed and submitted additional medical support; however, the Board upheld their previous decision. (Id. ¶¶ 10, 11.) Plaintiff alleges that the adverse decision is contrary to the Plan terms and "has no rational support in the evidence." (Id. ¶ 12 [sic].[4]) Plaintiff further alleges that:

> 13. The Plan is self-funded by Defendant DaimlerChrysler and the determination of who is eligible for benefits and who is not eligible for benefits is solely DaimlerChrysler's determination made through employees who are on this administrative board; thus Defendants are operating under a conflict of interest as they are both a fiduciary of the Plan but receive a financial wind-fall when they deny eligible beneficiaries like [Plaintiff].

(Id. ¶ 13.)

---

[3]References to "Compl." are to the amended complaint.

[4]The last two paragraphs in the amended complaint are misnumbered. The paragraph following paragraph 14 is labeled 12, but it should be 15. Similarly, the second paragraph to be labeled 13 should be 16.

Citing the Pension Agreement between DaimlerChrysler and the United Automobile, Aerospace and Agricultural Implement Workers of America ("the UAW"), Defendants request that paragraph 13 be dismissed on the grounds that the Plan[5] is not self-funded but is a trust fund established as a result of the collective bargaining agreement between DaimlerChrysler and the UAW and, therefore, Plaintiff's allegations of a conflict of interest are not factually accurate. These allegations, Defendants further argue, may be the basis for a later, improper discovery request.[6]

The Pension Agreement is included in the Administrative Record filed by Defendants with the Court before the amended complaint was filed.

The Pension Agreement provides, in relevant part:

**Pension Fund**

The Corporation will maintain during the term of this Pension Plan a Pension Fund to be held and invested by a trustee or trustees and their successors into which, during the term of this Pension Plan, the Corporation's payments to fund pensions, supplemental allowances and special age 65 benefits shall be made. No employee shall make or be required to make any payment to the Pension Fund. The Pension Fund shall be used to pay the pensions, supplemental allowances and special age 65 benefits described below in this Pension Plan and the pensions, supplemental allowances and special age 65 benefits shall be payable only from the Pension Fund and only upon the employee applying for them in the manner this Pension Plan provides below. Expenses of the Pension Plan also shall be payable from the Pension Fund except to the extent that the Corporation shall pay for them.

---

[5]The Pension Agreement includes the Plan.

[6]In a Joint Memorandum Regarding Intentions Relating to Discovery, Plaintiff indicated his intent to engage in discovery as to potential conflict of interest issues.

(Admin. R. at 192.)

Section 8 defines Permanent Total Disability Retirement and sets forth the procedure by which the Board of Administration is to make the findings necessary to an award of such benefits. (Id. at 203-04.) The Board of Administration is described as follows.

A. There shall be established a Board of Administration consisting of six members, three of whom shall be appointed by the Corporation (hereinafter referred to as the Corporation Members), and three of whom shall be appointed by [UAW] (hereinafter referred to as the Union Members). . . .

B. The Corporation Members and the Union Members shall appoint an impartial third person to act as an Impartial Chairman who shall serve until such time as he may be requested to resign by three members of the Board. . . . The Impartial Chairman shall be considered a member of the Board of Administration for matters on which he is to vote. The Corporation and the Union shall share equally the fees and expenses of the Impartial Chairman in cases involving employees. The fees and expenses of the Impartial Chairman in cases involving retired employees and former employee shall be paid out of the Pension Fund.

C. The Board of Administration shall have the discretionary authority to interpret the Plan and determine eligibility for and the amount of benefits in accordance with the terms of this Pension Plan. Any Board interpretation or Board determination shall be given full force and effect unless it can be shown that the interpretation of determination is arbitrary and capricious. . . .

(Id. at 239.)

Plaintiff opposes the dismissal of paragraph 13, arguing that the document cited by Defendants is a matter outside the pleadings and cannot be considered when ruling on a motion to dismiss.[7] Defendants counter that consideration of the Pension Agreement is

---

[7]Plaintiff also argues that Defendants improperly cite to only Sixth Circuit case law. In their reply memorandum, Defendants cite to Eighth Circuit law.

proper because the amended complaint references such Agreement when alleging that Defendants have improperly denied him benefits due under the Plan.

### Discussion

"'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" **Benton v. Merrill Lynch & Co.**, 524 F.3d 866, 870 (8th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). "The complaint must allege facts which, when taken as true, raise more than a speculative right to relief." **Id.** (citing Twombly, 127 S.Ct. at 1965). "When ruling on a motion to dismiss under Rule[] 12(b)(6) . . . , a district court generally may not consider materials outside the pleadings." **Noble Sys. Corp. v. Alorica Central, LLC**, 543 F.3d 978, 982 (8th Cir. 2008). "It may, however, consider . . . materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" **Id.** (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). See also **Tellabs, Inc. v. Makor Issues & Rights, Ltd.**, 127 S.Ct. 2499, 2509 (2007) (when considering Rule 12(b)(6) motion to dismiss, court may examine documents incorporated into complaint by reference).

Plaintiff brings this action under ERISA, specifically referring to the Plan as the basis for his claim that he was wrongfully denied disability retirement benefits. The Plan is the document that DaimlerChrysler refers to and that Plaintiff challenges as being outside his

pleading.  Plaintiff does not challenge its authenticity or its relevancy.  Indeed, as noted by

DaimlerChrysler, the Plan is named as a party to the action.  The Court finds that the Plan

is "embraced" by Plaintiff's amended complaint and may properly be considered when ruling

on the pending motion to dismiss.[8]  See **Enervations, Inc. v. Minn. Mining and Mfg. Co.**,

380 F.3d 1066, 1068 (8th Cir. 2004) (considering termination letter submitted in opposition

to motion to dismiss as embraced by the pleadings when letter was in support of argument

that agreement at issue had not been terminated before statute of limitations had run); **Silver**

**v. H & R Block, Inc.**, 105 F.3d 394, 397 (8th Cir. 1997) (holding that public statements in

question could properly have been considered when ruling on motion to dismiss because they

were the sole basis for the complaint and their content was not disputed); accord **In re**

**Syntex Corp. Sec. Litig.**, 95 F.3d 922, 926 (8th Cir. 1996).  See also **Hecker v. Deere &**

**Co.**, — F.3d —, 2009 WL 331285, *6 (7th Cir. 2009) (holding that court in ERISA case may

---

[8]Plaintiff cites **McAuley v. Federal Ins. Co.**, 500 F.3d 784 (8th Cir. 2007), in support of his opposition to the Court's consideration of the Pension Agreement when ruling on the motion to dismiss.  His reliance is misplaced.  The issue in **McAuley** was whether a man's death from embolisms in his legs during a long plane flight was "accidental" within the meaning of an ERISA plan.  In ruling on a motion to dismiss on the grounds that the formation of clots in the employee's legs could not have been accidental, the district court considered facts that were not in the complaint, e.g., that nothing prevented the employee from getting up and walking around during the long plane flight and that it was likely that he suffered from a "bodily malfunction."  **Id.** at 786.  Noting that the court must have referenced evidence and argument from an undisclosed source "outside the four corners of the complaint," the appellate court reversed and remanded. **Id.** at 787-88.  In the instant case, the document at issue is explicitly referred to in the complaint, is the basis for the complaint, is named as a party, and is unchallenged as to its authenticity.

consider summary plan descriptions and trust agreement, documents explicitly referred to in complaint and central to plaintiffs' case, when ruling on Rule 12(b)(6) motion).

The question remains whether Plaintiff's allegations in paragraph 13 state a claim when considering the language of the Plan. Plaintiff alleges that the determination of who is eligible for benefits under the "self-funded" Plan is "solely DaimlerChrysler's determination"; consequently, all Defendants have a conflict of interest.

"[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." **Firestone Tire and Rubber Co. v. Bruch**, 489 U.S. 101, 115 (1989) (quotations omitted). A conflict of interest is clearly created when the employer "both funds the plan and evaluates the claims." **Metropolitan Life Ins. Co. v. Glenn**, 128 S.Ct. 2343, 2348 (2008). If a conflict of interest is not apparent from the record, limited discovery may be permitted. See **Menz v. Procter & Gamble Health Care Plan**, 520 F.3d 865, 871 (8th Cir. 2008). Contrary to Plaintiff's allegations, however, the Plan at issue does not confer the unchecked authority necessary for a conflict of interest. The Board evaluating claims consists of both employer and union representatives.

## Conclusion

The proper consideration of the Plan at issue defeats the allegations in paragraph 13 of the Amended Complaint that DaimlerChrysler both funds and evaluates claims made under the Plan. Accordingly,

**IT IS HEREBY ORDERED** that the motion of DaimlerChrysler Corporation, DaimlerChrysler Corporation–UAW Pension Board of Administration, and DaimlerChrysler Corporation–UAW Pension Plan to dismiss paragraph 13 of the Amended Complaint is **GRANTED**.  [Doc. 20]


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE


Dated this  16th  day of  March, 2009.